**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

JACKY DALE HAMRICK,

vs.

ENBRIDGE (U.S.), INC.

DOCKET NO. _____

# ORIGINAL COMPLAINT

1. Plaintiff Jacky Dale Hamrick brings this lawsuit to recover unpaid overtime wages and other damages from Enbridge (U.S.) Inc. (Enbridge) under the Fair Labor Standards Act (FLSA).

2. Enbridge is an energy transportation company that employs personnel, including welding inspectors, to carry out its work

3. Hamrick regularly worked for Enbridge in excess of forty (40) hours each week.

4. But Hamrick never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Enbridge paid Hamrick a daily rate with no overtime compensation.

6. This FLSA action seeks to recover the unpaid overtime wages and other damages owed to Hamrick.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Enbridge's principal office is in this District and Division.

9. Enbridge maintains a corporate headquarters in Houston, Texas.

## THE PARTIES

10. Hamrick worked for Enbridge from November 2017 to December 2018 as a welding inspector.

11. Throughout his employment with Enbridge, Hamrick was paid a day-rate with no overtime compensation.

12. Hamrick's consent to be a plaintiff is attached as Exhibit A.

13. Defendant Enbridge (U.S.) Inc. is a corporation with its principal corporate office in Houston, Texas. Enbridge (U.S.) Inc. does business throughout the United States. Enbridge may be served through its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201 or wherever they may be found.

## COVERAGE UNDER THE FLSA

14. At all times hereinafter mentioned, Enbridge has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, Enbridge has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, Enbridge has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce—such as equipment, hand tools, computers, automobiles, and cell phones—by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all times hereinafter mentioned, Hamrick was engaged in commerce or in the production of goods for commerce.

18. As will be shown through this litigation, Enbridge treated Hamrick as an employee and uniformly dictated the pay practices Hamrick was subjected to.

## FACTS

19. Enbridge claims to be the "leading energy delivery company in North America."[1] To complete their business objectives, Enbridge hires personnel (like Hamrick) to perform welding inspection work for Enbridge's network of liquid and natural gas pipelines throughout the country.

20. Enbridge paid Hamrick a flat sum for each day worked, regardless of the number of hours that he worked that day (or in that workweek) and failed to provide him with overtime pay for hours that he worked in excess of forty (40) hours in a workweek.

21. Hamrick worked for Enbridge from November 2017 until December 2018 in Oklahoma. Throughout his time working for Enbridge, he was paid on a day-rate basis.

22. As a welding inspector, Hamrick's primary job duties included inspecting the quality of the welds on pipelines in various projects, ensuring that the required permits and forms were completed and properly documents, and sending daily reports to his Enbridge supervisor.

23. Hamrick normally worked 10 to 12 hours a day and 6 to 7 days a week.

24. Hamrick was never guaranteed a salary when he worked for Enbridge.

25. Hamrick was required to report the days worked to Enbridge, not the hours he worked.

26. The work Hamrick performed was an essential and integral part of Enbridge's core business.

---

[1] https://www.enbridge.com/about-us (last visited October 22, 2020).

27. Welding inspectors are not permitted to deviate from established standards.

28. Enbridge's welding inspectors apply well-established techniques and procedures. The reports submitted by Hamrick to his supervisors is generated and required by Enbridge. The assignments and schedules for Hamrick were created and assigned by Enbridge. The timesheets that Hamrick submitted to be paid are approved and audited by Enbridge.

29. Enbridge controlled all the significant or meaningful aspects of the job duties performed by Hamrick.

30. Even though Hamrick often worked away from Enbridge's offices, Enbridge still controlled all aspects of Hamrick's job activities by enforcing mandatory compliance with Enbridge's policies and procedures.

31. Enbridge directly determined or controlled Hamrick's manner of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working for Enbridge.

32. Very little skill, training, or initiative was required of Hamrick to perform his job duties.

33. Enbridge's policy of failing to pay Hamrick overtime violates the FLSA because he was performing non-exempt job duties.

34. Enbridge's day-rate system violates the FLSA because Hamrick did not receive any overtime pay for hours worked over 40 hours each week.

**FLSA VIOLATIONS**

35. As set forth herein, Enbridge has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

36. Enbridge knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Hamrick overtime compensation. Enbridge's failure to pay overtime compensation to Hamrick was neither reasonable, nor was the decision not to pay overtime made in good faith.

37. Accordingly, Hamrick is entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## JURY DEMAND

38. Hamrick demands a trial by jury.

## RELIEF SOUGHT

39. WHEREFORE, Hamrick prays for judgment against Enbridge as follows:

   a. For an Order finding Enbridge liable to Hamrick for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to his unpaid compensation;

   b. For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

   c. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    Michael A. Josephson
    Texas Bar No. 24014780
    Federal ID No. 27157
    Andrew W. Dunlap
    Texas Bar No. 24078444
    Federal ID No. 1093163
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com

    AND

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    Federal ID No. 21615
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**