IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACKY DALE HAMRICK, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | No. 4:20-cv-03647 |
| ENBRIDGE (U.S.) INC., | § § § | |
| *Defendant*. | § | |

**DEFENDANT'S MOTION TO TRANSFER**

Timothy M. Watson
Texas Bar No. 20963575
Federal I.D. No. 12953
John P. Phillips
Texas Bar No. 24083659
Federal I.D. No. 1691762
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas 77002
(713) 225-2300 – Telephone
(713) 225-2340 – Facsimile
twatson@seyfarth.com
jphillips@seyfarth.com

ATTORNEYS FOR DEFENDANT,
ENBRIDGE (U.S.) INC.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

NATURE AND STAGE OF PROCEEDING ........................................................................1

STATEMENT OF ISSUES AND STANDARD OF REVIEW ...............................................2

BACKGROUND ...................................................................................................................3

      1.     Pipeline inspectors are employed by third-party vendors. ......................................3

      2.     Rulings in *Robertson* regarding arbitration and forum selection...........................4

      3.     Current procedural status in *Robertson*. ..............................................................5

ARGUMENT ........................................................................................................................5

      1.     The plaintiffs here and in *Robertson* assert identical FLSA claims.......................5

      2.     The cases "substantial[] overlap" and the first filed rule applies. ..........................8

      3.     Applying the first-filed rule will prevent piecemeal litigation and respect the authority of this Court's sister court. ....................................................................8

      4.     Under the first filed rule, case managements decisions are reserved for the transferee court. ................................................................................................9

CONCLUSION....................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cadle Co. v. Whataburger of Alice, Inc.*,
   174 F. 3d 599 (5th Cir. 1999) ................................................................. 2, 9, 10

*Fuller v. Abercrombie & Fitch Stores*,
   370 F. Supp. 2d 686 (M. D. Tenn. 2005) .............................................................8

*Hagans v. Integrated Production Services*,
   No. 4:14-CV-2965, 2015 WL 236646 (S.D. Tex. 2015)............................................ 3, 6, 8, 9

*Hart v. Camin Cargo Control, Inc.*,
   No. 1:08-CV-251, 2009 WL 10708364 (E.D. Tex. 2009)...................................................1, 8

*Ortiz v. Panera Bread Co.*,
   No. 1:10-CV-1424, 2011 WL 3353432.....................................................................5

*Robertson v. Enbridge (U.S.) Inc.*,
   No. 2:19-cv-01080-WSS-LPL, 2020 WL 5752414 (W.D. Pa. July 31, 2020),
   *report and recommendation adopted by* 2020 WL 5702419 (W.D. Pa. Sept.
   24, 2020) .......................................................................................4, 9

*Robertson v. Enbridge (U.S.) Inc.*,
   No. 2:19-cv-01080-WSS-LPL, 2020 WL 6747876 (W.D. Pa. Oct. 16, 2020),
   *report and recommendation adopted by* 2020 WL 6743266 (W.D. Pa. Nov.
   17, 2020) ...........................................................................................4

*Robertson v. Enbridge (U.S.) Inc.*,
   No. 2:19-cv-01080-WSS-LPL (W.D. Pa. Apr. 24, 2020), *report and
   recommendation adopted by* 2020 WL 2104911 (W.D. Pa. May 1, 2020)............................4

*Salazar v. Bloomin' Brands, Inc.*,
   No. 2:15-CV-105, 2016 WL 1028371 (S.D. Tex. Mar. 15, 2016).........................................9

*Save Power Ltd. v. Synteck, Fin. Corp.*,
   121 F.3d 947 (5th Cir. 1997) ..........................................................................1, 2

*Waithaka v. Amazon.com, Inc.*,
   404 F. Supp. 3d 335 (D. Mass. 2019)....................................................................2

*Wyler-Wittenberg v. MetLife Home Loans, Inc.*,
   899 F. Supp. 2d 235 (E.D.N.Y. 2012)..................................................................2, 9

**Statutes**

28 U.S.C. § 1404(a) ..................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 12(b)(3)........................................................................................................1, 2

Pursuant to the "first filed" rule and Rule 12(b)(3) of the Federal Rules of Civil Procedure, Defendant Enbridge (U.S.) Inc. ("Enbridge") moves to transfer Hamrick's action to the United States District Court for the Western District of Pennsylvania, where a nearly identical putative nationwide collective action under the Fair Labor Standards Act ("FLSA") is pending.

## NATURE AND STAGE OF PROCEEDING

Plaintiff Hamrick brings this nationwide FLSA collective action on behalf of pipeline inspectors allegedly employed by Enbridge and paid a day rate. Hamrick's lawyers, however, are pursuing an identical collective action against Enbridge in the Western District of Pennsylvania. In that case, brought by plaintiff Zachariah Robertson ("*Robertson*"), plaintiff Robertson seeks to represent the exact same nationwide FLSA collective: pipeline inspectors allegedly employed by Enbridge and paid a day rate.[1]

As a result, because this action and the *Robertson* action assert the same allegations on behalf of the same parties, covering the same time period, the first-to-file rule applies here. Under the rule, "[t]he key question before this Court is whether [*Robertson*] and this action 'substantially overlap,' so as to require that the first-to-file rule be applied." *Hart v. Camin Cargo Control, Inc.*, No. 1:08-CV-251, 2009 WL 10708364, at *3 (E.D. Tex. 2009); *see also Save Power Ltd. v. Synteck, Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (applying the first-to-file rule and recognizing that the "crucial inquiry is one of 'substantial overlap'"). There can be no dispute that there is substantial overlap; indeed, the majority of the First Amended Complaint in this case mirrors the First Amended Complaint in *Robertson*. Thus, the first filed rule applies, and this case should be transferred to the Western District of Pennsylvania.

---

[1] The case is *Robertson v. Enbridge (U.S.) Inc.*, No. 2:19-cv-01080-WSS-LPL, Dkt. 106 at ¶ 28 (W.D. Pa. Apr. 24, 2020). The First Amended Complaint is attached as Exhibit B-6 to Exhibit B, Declaration of Timothy M. Watson ("Watson Decl.").

## STATEMENT OF ISSUES AND
## STANDARD OF REVIEW

The issue presented by this motion is whether this case should be transferred under the first filed rule and Rule 12(b)(3) to the Western District of Pennsylvania. Federal district courts have the inherent authority to prevent duplicative litigation. When there are two overlapping lawsuits against the same party, the first suit should have priority. This doctrine is based on comity, fairness, and judicial economy; it is known as the "first filed" rule.[2]

The Fifth Circuit has emphatically endorsed this principle: "[t]he federal courts have long recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *Save Power Ltd. v. Synteck, Fin. Corp.*, 121 F. 3d 947, 950 (5th Cir. 1997) (reversing district court and ordering transfer of second filed case to first filed court).

Applying the "first filed" rule will "maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F. 3d 599, 604 (5th Cir. 1999) (remanding "with instructions to transfer"). The rule applies here because in both the *Robertson* case and this case:

- the defendant is the same;
- the plaintiffs hold the same job and assert the same claims under the FLSA; and
- the plaintiffs are represented by the same counsel.

---

[2] Transfer under the first-filed rule is distinct from transfers under 28 U.S.C. § 1404(a). *Waithaka v. Amazon.com, Inc.*, 404 F. Supp. 3d 335, 349 (D. Mass. 2019) (declining transfer under §1404(a) while granting transfer under first-filed rule). Because the first filed rule is premised on comity, a plaintiff's choice of forum (normally a factor in § 1404(a) analysis) is not entitled to weight. *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 249 (E.D.N.Y. 2012) (transferring FLSA case under first filed rule).

Accordingly, as shown more fully below, this suit should be transferred to the Western District of Pennsylvania. *See Hagans v. Integrated Production Services*, No. 4:14-CV-2965, 2015 WL 236646, at *1-2 (S.D. Tex. 2015) (ordering transfer under the first filed rule where the two lawsuits claimed the same defendant violated the FLSA by failing to pay overtime).

## BACKGROUND

**1.      Pipeline inspectors are employed by third-party vendors.**

Enbridge does not employ the inspectors who work on its pipelines. Rather, as part of its business, Enbridge engages third-party companies, or vendors, to assist in pipeline construction and inspection. During the period relevant to this case and the *Robertson* case, Enbridge contracted with 12 vendors to provide pipeline inspectors.

Hamrick was employed by one of those vendors: Cypress Environmental Management TIR, LLC ("Cypress"). (Ex. A, Declaration of Sharon Moyer ("Moyer Decl.") ¶ 4.) Hamrick was employed by and paid by Cypress, which assigned him as an inspector to its teams providing third-party inspection services to its customers on pipeline infrastructure projects.  (*Id.*) In this instance, Enbridge was that customer. (*Id.* at ¶¶ 2, 4.) Specifically, Cypress provides Enbridge with independent oversight of its pipeline projects by assigning specialty inspectors to ensure that such projects are built and operated in accordance with various codes, standards, and regulatory requirements. (*Id.* at ¶ 2.) Enbridge outsources this work because it requires specialized personnel for only a specific duration during the project—i.e., these assignments are for a finite period.

Cypress assigned Hamrick to multiple projects with multiple clients. (*Id.* at ¶ 4.) Cypress assigned Hamrick to its Enbridge projects on several occasions, including most recently from November 6, 2017 until December 20, 2018. (*Id.*)  As Hamrick's employer, Cypress determined his pay and set his duties in conformity with the FLSA. (*Id.* at ¶¶ 7-8.)

2.      **Rulings in *Robertson* regarding arbitration and forum selection.**

As a condition of employment, Hamrick committed to arbitrate: "any dispute, controversy

or claim arising out of or related to in any way to the parties' employment relationship or

termination of that relationship, including this Employment Agreement or any breach of this

agreement, shall be submitted to and decided by binding arbitration in Tulsa, Tulsa County,

Oklahoma." (*Id.* at ¶ 5.)  Hamrick committed to individually arbitrate any claim—he agreed that

there would be no class actions, collective actions, or representative actions of any kind—and

further agreed that arbitrations "will be conducted in accordance with American Arbitration

Association Employment Arbitration Rules ('AAA Rules')." (*Id.* at ¶ 5.)

There are six other Cypress employees who are plaintiffs in *Robertson*.[3] As their actual

employer, Cypress moved to intervene—and the *Robertson* court granted that intervention.[4]

Cypress moved to compel arbitration of one of those Cypress employee with an arbitration

agreement identical to Hamrick's arbitration agreement (and also moved to dismiss for *forum

non conveniens* three employees with forum selection agreements). The *Robertson* court granted

those motions.[5]

These claims in *Robertson* are stayed pending arbitration; the dismissals have been

appealed to the Third Circuit. *See* No. 20-3385 (3d Cir.). After the court in *Robertson* granted

these motions, Cypress moved to compel arbitration or dismiss two additional employees who

---

[3] *See Robertson v. Enbridge*, No. 2:19-cv-01080-WSS-LPL, Dkts. 25, 37, 53, 75, 170, 172 (W.D. Pa. Aug. 27, 2019) (attached as Exhibits B-1, B-2, B-3, B-4, B-5, B-7, B-8 to Watson Decl.).

[4] *See Robertson*, 2020 WL 2105064 (W.D. Pa. Apr. 13, 2020), *report and recommendation adopted by* 2020 WL 2104911 (W.D. Pa. May 1, 2020).

[5] *See Robertson,* 2020 WL 5752414 (W.D. Pa. July 31, 2020), *report and recommendation adopted by* 2020 WL 5702419 (W.D. Pa. Sept. 24, 2020); *Robertson*, 2020 WL 6747876 (W.D. Pa. Oct. 16, 2020), *report and recommendation adopted by* 2020 WL 6743266 (W.D. Pa. Nov. 17, 2020).

filed consents to join after the original motions were briefed.[6] One of the two additional employees subsequently filed an arbitration against Enbridge, and counsel in *Robertson* have committed to conferring on the disposition of the corresponding motion. The other motion remains pending.

3.      **Current procedural status in *Robertson*.**

So, what does all this add up to?

- Three Cypress inspectors in *Robertson* are pressing an appeal, which—if successful—will allow continued litigation in that case.

- One Cypress inspector's claim has been stayed pending arbitration.

- One Cypress inspector voluntarily filed an arbitration demand, and the parties are conferring on the disposition of the corresponding motion.

- A motion remains pending on one remaining Cypress inspector.

Meanwhile, there are sixteen other plaintiffs in *Robertson*.[7]

**ARGUMENT**

1.      **The plaintiffs here and in *Robertson* assert identical FLSA claims.**

Because this case involves duplicative FLSA claims, the first filed rule is "particularly appropriate." *Ortiz v. Panera Bread Co.*, No. 1:10-CV-1424, 2011 WL 3353432, a *2 (E.D. Va.

---

[6] *See Robertson*, 2:19-cv-01080-WSS-LPL, Dkts. 246, 247 (Nov. 19, 2020) (attached as Exhibits B-9 & B-10 to Watson Decl.).

[7] Claims of two other inspectors employed by one of Cypress' competitors, Cleveland Integrity Services, Inc. ("CIS"), have been stayed pending arbitration because those inspectors also have arbitration agreements. Three other CIS employees (faced with identical motions to compel arbitration) voluntarily filed arbitration demands, and the parties are conferring on the disposition of the corresponding motions. Enbridge and the plaintiffs who were (or are) employed by the ten other vendors (i.e., the vendors other than Cypress or CIS) have agreed to a settlement in *Robertson*. The parties, however, have not yet submitted the proposed settlement agreement to the *Robertson* court for approval. The settlement, if approved, will resolve only the claims of inspectors employed by vendors other that Cypress and CIS.  Thus, regardless of whether that settlement is approved, *Robertson* remains an active case involving inspectors assigned by Cypress or by CIS to Enbridge's projects. (*See* Ex. B, Watson Decl. ¶¶ 3-6).

2011) (dismissing second FLSA suit due to prior pending FLSA suit against defendant in another district court, noting that "federal courts consistently apply the first-to-file rule in overlapping wage and hour collective actions").

*Hagans v. Integrated Production Services*, No. 4:14-CV-2965, 2015 WL 236646 (S.D. Tex. 2015) provides an apt illustration. There, as here, the FLSA action in this district raised the same issues as a prior pending action in the Western District of Pennsylvania. Both suits in *Hagan* (like both suits that are the subject of the instant motion) claimed that the same defendant violated the FLSA by failing to pay overtime. Indeed, there was a substantial overlap in the complaints there. So too here:

| *Robertson v. Enbridge* **(W.D. Pa.)** | *Hamrick v. Enbridge* **(S.D. Tex.)** |
|---|---|
| Instead of paying overtime as required by the FLSA and state laws, Enbridge improperly classified Plaintiffs and those similarly situated workers as exempt employees and paid them a daily rate with no overtime compensation. (*Robertson* FAC at ¶ 5.) | Instead of paying overtime as required by the FLSA, Enbridge paid Hamrick and those similarly situated workers a daily rate with no overtime compensation. (*Hamrick* FAC at ¶ 5.) |
| During the relevant period, [plaintiff] worked for Enbridge as an inspector . . . . (*Robertson* FAC at ¶¶ 14, 17, 20, 23.) | Hamrick worked for Enbridge from November 2017 to December 2018 as a welding inspector. (*Hamrick* FAC at ¶ 10.) |
| Throughout his employment with Enbridge, [plaintiff] was paid a day-rate with no overtime compensation. (*Robertson* FAC at ¶¶ 15, 18, 21, 24.) | Throughout his employment with Enbridge, Hamrick was paid a day-rate with no overtime compensation. (*Hamrick* FAC at ¶ 11.) |
| Plaintiffs bring this action on behalf of themselves and all other similarly situated workers who were paid by Enbridge's day-rate system. (*Robertson* FAC at ¶ 26.) | Hamrick brings this action on behalf of himself and all other similarly situated workers who were paid by Enbridge's day-rate system. (*Hamrick* FAC at ¶ 13.) |
| Enbridge paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA . . . . (*Robertson* FAC at ¶ 27.) | Enbridge paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA. (*Hamrick* FAC at ¶ 13.) |

| *Robertson v. Enbridge* (W.D. Pa.) | *Hamrick v. Enbridge* (S.D. Tex.) |
|---|---|
| Plaintiffs normally worked 10 to 12 hours a day, for six or more days a week. (*Robertson* FAC at ¶ 56.) | Hamrick normally worked 10 to 12 hours a day and 6 to 7 days a week. (*Hamrick* FAC at ¶ 26.) |
| Plaintiffs were never guaranteed a salary when they worked for Enbridge. (*Robertson* FAC at ¶ 57.) | Hamrick and the Putative Class Members were never guaranteed a salary when he worked for Enbridge. (*Hamrick* FAC at ¶ 27.) |
| Plaintiffs were required to report the days worked to Enbridge, not the hours they worked. *Robertson* FAC at ¶ 58.) | Hamrick and the Putative Class Members were required to report the days worked to Enbridge, not the hours he worked. (*Hamrick* FAC at ¶ 28.) |
| The work Plaintiffs performed was an essential and integral part of Enbridge's core business.  (*Robertson* FAC at ¶ 59.) | The work Hamrick and the Putative Class Members performed was an essential and integral part of Enbridge's core business. (*Hamrick* FAC at ¶ 29.) |
| Enbridge controlled all the significant or meaningful aspects of the job duties performed by Plaintiffs. (*Robertson* FAC at ¶ 61.) | Enbridge controlled all the significant or meaningful aspects of the job duties performed by Hamrick and the Putative Class Members. (*Hamrick* FAC at ¶ 35.) |
| Even though Plaintiffs often worked away from Enbridge's offices, Enbridge still controlled all aspects of Plaintiffs' job activities by enforcing mandatory compliance with Enbridge's policies and procedures. (*Robertson* FAC at ¶ 62.) | Even though Hamrick and the Putative Class Members often worked away from Enbridge's offices, Enbridge still controlled all aspects of Hamrick and the Putative Class Members' job activities by enforcing mandatory compliance with Enbridge's policies and procedures. (*Hamrick* FAC at ¶ 36.) |
| Very little skill, training, or initiative was required of Plaintiffs to perform their job duties. (*Robertson* FAC at ¶ 64.) | Very little unique skill, training, or initiative was required of Hamrick and the Putative Class Members to perform their job duties. (*Hamrick* FAC at ¶ 38.) |
| Enbridge's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes. (*Robertson* FAC at ¶ 121.) | Enbridge's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members. (*Hamrick* FAC at ¶ 49.) |
| The specific job titles or precise job locations of the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes do not | The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment. (*Hamrick* FAC at ¶ 51.) |

| *Robertson v. Enbridge* (W.D. Pa.) | *Hamrick v. Enbridge* (S.D. Tex.) |
|---|---|
| prevent class or collective treatment. (*Robertson* FAC at ¶ 123.) | |

2.      **The cases "substantial[] overlap" and the first filed rule applies.**

*Robertson*, which was filed on August 27, 2019, is the first filed case. As the charted

comparison demonstrates, the allegations in *Robertson* and in this case are duplicative. Each

encompasses the same factual and legal assertions under the FLSA. This overlap of the core

issues and questions before each court is dispositive.

"The key question before this Court is whether [Robertson] and this action 'substantially

overlap,' so as to require that the first-to-file rule be applied." *Hart v. Camin Cargo Control*,

*Inc.*, No. 1:08-CV-251, 2009 WL 10708364, at *3 (E.D. Tex. 2009) (transferring FLSA case

under first filed rule). The allegations demonstrate that there is indeed substantial overlap here.

When the overlap exists on the core issue, differences elsewhere are immaterial to the

application of the first-filed rule: "arguments that the plaintiffs are not identical, that the

collective classes will include different individuals, and that [one] alleges a claim not included

[in the other] are not sufficient to overcome the substantial similarities . . . ." *Fuller v.*

*Abercrombie & Fitch Stores*, 370 F. Supp. 2d 686, 689-90 (M. D. Tenn. 2005) (transferring

FLSA case under first filed rule).

3.      **Applying the first-filed rule will prevent piecemeal litigation and respect the authority of this Court's sister court.**

*Hagans* rightly ordered a transfer of that FLSA action from this district to the Western

District of Pennsylvania to "place the dispute before a court familiar with the central issues in the

case [and] **avoid rulings which may trench upon the authority of sister courts**, and … avoid

piecemeal resolution of issues that call for a uniform result." 2015 WL 236646, at *1 (emphasis

added). That is equally true here and adds further weight to the need for this transfer. Hamrick's

actual employer, Cypress, has already intervened in *Robertson*: a transfer eliminates the need for Cypress to do so again. Moreover, Hamrick entered into the same arbitration agreement as the one entered into by the *Robertson* plaintiffs who were employed by Cypress, and the court in *Robertson* has already decided the issue of whether the agreement is enforceable.[8]

Hamrick's counsel represent the plaintiffs in *Robertson*. There is no reason to refile and re-brief the already decided motion to compel arbitration in *Robertson* that addresses the arbitration agreement that Hamrick executed. As in *Hagans*, this Court ought to decline to sit as an appellate court to review decisions already made in *Robertson*.[9]

## 4.    Under the first filed rule, case managements decisions are reserved for the transferee court.

This Court's role under the first filed rule is finite. When, as here, the first filed rule applies, all case management issues are for the transferee court, i.e., the Western District of Pennsylvania. Whether this suit should be consolidated with *Robertson* or otherwise are decisions exclusively for that court. *Cadle,* 174 F. 3d. at 606.

Nor does the partial settlement in *Robertson* counsel against the application of the first-filed rule. To the contrary, the partial settlement in *Robertson* is merely one more issue that belongs exclusively to the transferee court. *Wyler-Wittenberg v. MetLife Home Loans, Inc*., 899 F. Supp. 2d 235, 246 (E.D.N.Y. 2012) (rejecting pending but unapproved settlement as ground for declining to apply first-filed rule in FLSA case); *Salazar v. Bloomin' Brands, Inc*., No. 2:15-CV-105, 2016 WL 1028371 (S.D. Tex. Mar. 15, 2016) (same).

---

[8] *See Robertson,* 2020 WL 5752414 (W.D. Pa. July 31, 2020), *report and recommendation adopted by* 2020 WL 5702419 (W.D. Pa. Sept. 24, 2020).

[9] Hamrick is undeniably a member of the proposed collective action in *Robertson*.  His counsel has previously filed the written consents required under the FLSA of six other Cypress employees (as well as such consents from sixteen employees of other entities). There are now twenty-two such plaintiffs in *Robertson*.  Filing Hamrick's claim here was neither necessary nor productive of judicial economy.

The status of *Robertson* confirms the wisdom of deferring to the transferee court. *Robertson* has three plaintiffs who remain in that case subject to a stay while an arbitrator considers their claims; another three plaintiffs with an appeal pending before the Third Circuit; four more plaintiffs who voluntarily submitted arbitration demands and whose corresponding motions to compel are subject to conference by the parties; one more plaintiffs who is the subject of a pending motion; and nineteen plaintiffs attempting to finalize a settlement and obtain the court's approval.[10] Accordingly, under *Cadle*, it is for the *Robertson* court to decide what to do with Hamrick's transferred action.

## CONCLUSION

For the foregoing reasons, Enbridge respectfully requests that this Court transfer this case to the Western District of Pennsylvania.

---

[10] In his complaint, Hamrick mentions in a footnote the proposed settlement in *Robertson* (*see* FAC ¶ 14). But the proposed settlement in *Robertson* excludes employees of Cypress (like Hamrick) and of one other vendor. (*See* Watson Decl. ¶ 3.) As a result, the first to file rule applies equally here to bar counsel's attempt to bring another case that is nothing more than a continuation of *Robertson*.

Dated: December 21, 2020

Respectfully submitted,

SEYFARTH SHAW LLP

By:   s/ Timothy M. Watson
       Timothy M. Watson
       Texas Bar No. 20963575
       Federal I.D. No. 12953
       John P. Phillips
       Texas Bar No. 24083659
       Federal I.D. No. 1691762
       700 Milam Street, Suite 1400
       Houston, Texas 77002
       (713) 225-2300 – Telephone
       (713) 225-2340 – Facsimile
       twatson@seyfarth.com
       jphillips@seyfarth.com

       ATTORNEYS FOR DEFENDANT,
       ENBRIDGE (U.S.) INC.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, as listed below, by operation of the Court's Electronic Filing System, on this 21st day of December, 2020.

Michael A. Josephson
Andrew W. Dunlap
William R. Liles
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com
wliles@mybackwages.com

Richard J. (Rex) Burch
Bruckner Burch, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
rburch@brucknerburch.com

       s/ Timothy M. Watson
       Timothy M. Watson